UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK ELLIOT PEARSON,<br><br>                    Plaintiff,<br><br>     v.<br><br>DEPUTY JASON BALL and GRANT COUNTY,<br><br>                    Defendants. | No.  4:15-CV-05006-EFS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, is the Defendants' Motion for Summary Judgment, ECF No. 30. In this suit, Plaintiff Patrick Elliot Pearson alleges that Grant County Deputy Sheriff Jason Ball violated his rights under the Fourth Amendment of the U.S. Constitution and is suing Deputy Ball and Grant County pursuant to 42 U.S.C. § 1983. ECF No. 9. Specifically, Mr. Pearson claims that Deputy Ball requested a search warrant using false information and then executed the search warrant, which was issued without the requisite probable cause. *Id.* Defendants contend that Deputy Ball never intentionally provided incorrect information to the magistrate judge, that he executed a validly issued search warrant, and that he is protected by qualified immunity. ECF No. 16.

ORDER GRANTING SUMMARY JUDGMENT **-** 1

**I.   Statement of Facts[1]**

On January 24, 2014, Grant County Deputy Sheriff Jason Ball applied for a search warrant requesting to search the property located at 4562 Road N N.E. in Moses Lake, Washington, and any and all buildings on the property, including a large yellow shop on the south east corner of the property. ECF No. 34, Ex. C. Deputy Ball believed that the property and the buildings contained stolen property. ECF No. 31 at 1. This belief was based in part on information provided to Deputy Ball by a confidential informant (CI). ECF No. 34, Ex. C at 4. The search warrant was issued on January 27, 2014. ECF No. 34, Ex. B. at 2. Law enforcement officers arrived at the property and executed the search warrant. *Id.*

During the execution of the warrant, law enforcement discovered a number of stolen items as well as a locked toolbox containing methamphetamine and drug paraphernalia. *Id.* Mr. Pearson was subsequently arrested. ECF No. 34, Ex. A. A Grant County Superior Court Judge later found the search warrant lacked probable cause and dismissed the charges against Mr. Pearson. ECF No. 34, Ex. B at 8. Plaintiff then filed this lawsuit claiming that the search warrant was fraudulently obtained in violation of his Fourth Amendment rights. ECF No. 9. Defendants claim they are protected by qualified immunity.

---

[1] Because Mr. Pearson did not file any documents in response to Defendants' summary-judgment motion, this background is based on the facts contained in Defendants' summary-judgement materials. See Fed. R. Civ. P. 56(e); LR 56.1(b).

**II. Standard of Review**

Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party opposing summary judgment must point to specific facts establishing a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). If the non-moving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary-judgment motion. *Celotex Corp.*, 477 U.S. at 322.

**III. Analysis**

In a judicial deception claim, "the plaintiff must 1) make a 'substantial showing' of deliberate falsehood or reckless disregard for the truth and 2) establish that, but for the dishonesty, the challenged action would not have occurred." *Liston v. Cty. of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997), as amended (Oct. 9, 1997) (quoting *Hervey v. Estes*, 65 F.3d 784 (9th Cir.1995)). "If a plaintiff satisfies these requirements, the matter should go to trial." *Id.* (internal quotations omitted).

Mr. Pearson claims the "search warrant was issued because Deputy Jason Ball knowingly falsified and omitted information causing a magistrate [to] believe he had probable cause." ECF No. 9 at 6. Specifically, Mr. Pearson argues that Deputy Ball "made no reference to a shop or any outbuildings" in his affidavit and that he "purposely and knowingly left out the identity of his informant and misled the

ORDER GRANTING SUMMARY JUDGMENT **-** 3

magistrate into thinking his informant had validity." *Id.* at 5. Mr. Pearson relies largely on the order issued from the Grant County Superior Court Judge. ECF No. 9 at 5-6. However, in looking at the affidavit, this Court notes that Deputy Ball listed the "large shop" and all "other outbuildings" on the property right at the top of the affidavit. ECF No. 34, Ex. C at 1. Furthermore, while the identity of the confidential informant was not revealed by Deputy Ball in his affidavit, no evidence has been submitted to the Court to support a claim that this was done intentionally to mislead the magistrate. In his affidavit, Deputy Ball declares that he kept his CI's name off of the document to protect the CI's identity and at the CI's request. ECF No. 34, Ex. C at 4. Mr. Pearson has submitted nothing to this Court to contradict this declaration. By his own admission, this claim is based solely on Mr. Pearson's personal belief. ECF No. 9 at 5 ("[T]his is my belief . . . .").

The Court finds that Mr. Pearson has failed to make a substantial "showing of deliberate falsehood or reckless disregard for the truth" on the part of Deputy Ball as he applied for the search warrant. Therefore, the Court finds that Mr. Pearson has failed to make a showing for an element essential to his case and grants summary-judgment in favor of Defendants.[2]

Accordingly, **IT IS HEREBY ORDERED**:

---

[2] Because Mr. Pearson failed to any present evidence establishing a required element of a judicial deception claim, the Court need not conduct a qualified immunity analysis.

1. Defendants' Motion for Summary Judgment, **ECF No. 30**, is **GRANTED.**
2. The Clerk's Office is directed to enter judgment in Defendants' favor.
3. All pending dates and deadlines are **STRICKEN.**
4. The file shall be **CLOSED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and to Mr. Pearson.

**DATED** this   24th    day of February 2016.

                   s/Edward F. Shea
                EDWARD F. SHEA
          Senior United States District Judge